# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP,<br><br>             Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>             Defendants. | Case No. 1:13-cv-01044-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS**<br><br>**(ECF No. 3)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed July 8, 2013 pursuant to 42 U.S.C. § 1983. On July 23, 2013, the undersigned issued an order granting Plaintiff's application to proceed in forma pauperis ("IFP"). This matter is in the screening phase.

For this case and, for the reasons discussed below, the undersigned recommends that Plaintiff's IFP status be revoked pursuant to 28 U.S.C. § 1915 and that he be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations.

I.     <u>LEGAL STANDARD</u>

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . .

under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

A court may raise the issue of strikes sua sponte. Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011).

## II. ANALYSIS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. A review of Plaintiff's litigation history reveals that he has filed five actions and appeals that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.

Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews, 398 F.3d at 1121.

The Court takes judicial notice of the following cases which count as strikes:[2] (1) Knapp v. Knowles, No. 04–16701 (9th Cir. 2005) (appeal dismissed March 7, 2005 as not taken in good faith and frivolous)[3], (2) Knapp v. Harrison, No. 08–56629 (9th Cir. 2009) (appeal dismissed March 5, 2009 as not taken in good faith and frivolous), (3) Knapp v. Knowles, No. 2:03–cv–00394 (E.D. Cal. 2004) (action dismissed August 13, 2004 for repeated failure to comply with Fed. R. Civ. P. 8 and failure to state a claim), (4) Knapp v. Knowles, No. 2:06–cv–00453 (E.D. Cal. 2007) (action dismissed June 14, 2007 for

---

[1] "This subdivision is commonly known as the three strikes provision. Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. See Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[3] Under the Prison Litigation Reform Act, IFP appeals may not be taken if the trial court "certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3); see Andrews, 398 F.3d 1113 at 1121 (for § 1915(g) purposes, a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.' ").

1  repeated failure to comply with Fed. R. Civ. P. 8 and failure to state a claim), (5) Knapp v.
2  Harrison, No. 06–cv–07702, 2008 WL 4334683 (C.D. Cal. September 12, 2008) (action
3  dismissed September 12, 2008 for repeated failure to comply with Fed. R. Civ. P. 8 and
4  failure to state a claim). The latter three cases were dismissed because Plaintiff, after
5  having been given numerous chances to perfect his pleadings, "fail[ed] to state a claim."
6  Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013), citing 28 U.S.C. § 1915(g).

7  These strikes were final before Plaintiff filed this action on July 8, 2013. Moreover,
8  Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at
9  the time he filed his Complaint. To meet the imminent danger exception, the threat or
10 prison condition must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th
11 Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is
12 filed. Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002); Andrews v. Cervantes, 493
13 F.3d 1047, 1053-55 (9th Cir. 2007).

14 The Complaint alleges that during the period July 2008 to present, Plaintiff's
15 advocacy and grievance filing on behalf of himself and other prisoners subjected him to a
16 policy of retaliation, harassment, indifference, discrimination, oppression and abuse.
17 Defendants' actions, according to Plaintiff, deprived him of rights under the First, Fifth,
18 Eighth and Fourteenth Amendments. However, Plaintiff provides no useful information as to
19 the nature and circumstances of the advocacy and grieving he engaged in or as to the
20 actions Defendants threatened, took or failed to take.

21 Plaintiff provides no factual predicate suggesting acts of retaliation, harassment,
22 indifference, discrimination, oppression and abuse threatening or causing serious physical
23 injury. His allegations are purely conclusory and do not, in any event, suggest a serious
24 threat of physical harm. See Ciarpaglini, 352 F.3d at 331(vague and conclusory assertions
25 not sufficient to show imminent danger).

26 Though the imminent danger exception may be satisfied where a danger is alleged
27 to be ongoing, see Tierney v. Alo, - - - F.2d - - - -, 2012 WL 622238 at *2 (D. Hawai'i
28 February 24, 2012), citing Andrews, 493 F.3d at 1056, the Complaint does not demonstrate

any serious physical danger to Plaintiff or others similarly situated and does not meet the "ongoing danger" standard and imminence prong of the three-strikes exception. See Andrews, 493 F.3d at 1056-57; Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of imminent danger of serious physical injury are required).

### III.  CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that Plaintiff's IFP status should be revoked because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated, 28 U.S.C. § 1915(g); and Plaintiff should be provided with the opportunity to pay the filing fee in full.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status (ECF No. 3) should be REVOKED,
2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, and
3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.

/////
/////
/////
/////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 11, 2014        /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE