UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | Case No.  1:13-cv-01044-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PAY FILING FEE** |

## I.   PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 28 U.S.C. § 1983.

On February 12, 2014, the undersigned issued findings and recommendations to revoke Plaintiff's in forma pauperis status and to require that Plaintiff pay the $400 filing fee in full within twenty-one days. The District Judge assigned to the case adopted the findings and recommendation in full on March 17, 2014.

Plaintiff appealed. His motion to proceed in forma pauperis on appeal was denied. (ECF No. 16.) His appeal was dismissed on November 26, 2014 for failure to

pay filing and docketing fees. (ECF No. 17.)

On December 3, 2014, the Court ordered Plaintiff to pay the filing fee in full or show cause why the action should not be dismissed. (ECF No. 18.) Plaintiff responded to the order to show cause by arguing that he should not be required to pay the filing fee, requesting leave to amend his complaint, and arguing his action should not be dismissed. (ECF No. 19.)

**II.    LEGAL STANDARD**

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he or she is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**III.   ANALYSIS**

Plaintiff first argues that he should not be required to pay the applicable filing fee because 28 U.S.C. § 1915(g) unconstitutionally abridges his rights to freedom of speech, to petition the government for a redress of grievances, and to access the courts. This argument is without merit. The United States Court of Appeals for the Ninth Circuit has concluded that § 1915(g) passes constitutional muster. Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

Plaintiff next argues that he had not incurred three "strikes" under 28 U.S.C. § 1915(g) at the time of filing his complaint. This contention was rejected in the order adopting the findings and recommendations. (ECF No. 9.) Moreover, the Ninth Circuit has confirmed that three of the cases relied on in the findings and recommendations, Knapp v. Knowles, no. 2:03-cv-00394 (E.D. Cal. 2004), Knapp v. Knowles, No. 2:06-cv-

1  00453 (E.D. Cal. 2007), and Knapp v. Harrison, No. 06-cv-07702 (C.D. Cal. 2008), constitute "strikes." See Knapp v. Hogan, 738 F.3d 1106 (9th Cir. 2013). Each of these strikes was incurred prior to the filing of this action. Plaintiff's argument is without merit.

Plaintiff also argues that he should be allowed to proceed in forma pauperis because he was in imminent danger of serious physical injury when he filed his complaint. Again, this contention was rejected in the order adopting the findings and recommendations (ECF No. 9.) The facts relied on by Plaintiff do not demonstrate that he faced imminent danger of serious physical injury at the time he filed his complaint. Accordingly, Plaintiff's alternative request to amend his complaint to allege imminent danger would be futile and should be denied.

Plaintiff next argues that dismissal of the action for any reason would be in conflict with the Court's duty to faithfully and impartially perform its duties, apparently because Plaintiff is indigent and proceeding pro se. Plaintiff has been given several opportunities to be heard on the question of whether the instant action is subject to dismissal under § 1915(g). His general contention that the action cannot be dismissed because he is indigent and unrepresented by counsel is unsupported by any authority.

Finally, Plaintiff argues that dismissal of this action would constitute part of a custom, policy, or practice of discrimination and retaliation against him by unspecified members of the federal judiciary. The general allegation that dismissal of the current proceedings would reflect partiality or bias does not provide a basis for recusal, In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (citation omitted), and certainly does not establish that § 1915(g) does not apply.

**IV.   CONCLUSION AND RECOMMENDATION**

In sum, Plaintiff's response to the order to show cause fails to establish that § 1915(g) does not apply. He has not paid the filing fee in this action as ordered by the Court. Accordingly, it is HEREBY RECOMMENDED that the action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 8, 2015          /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4